**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANDRES URBAN MIGUEL, | No. 17-70211 |
| Petitioner, | Agency No. A099-017-229 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023**
Seattle, Washington

Before: W. FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,***
District Judge.

Andres Urban Miguel petitions the court to review a Board of Immigration

Appeals' ("BIA") dismissal of his appeal of an Immigration Judge decision denying

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

him asylum and withholding of removal under the Immigration and Naturalization Act and Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in concluding that Urban Miguel did not establish membership in a cognizable social group because the social groups he proposed—future landowners and Mexican males living in rural areas controlled by drug cartels—are too broad. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) ("The BIA has interpreted [particular social group] to include three components: (1) a group 'composed of members who share a common immutable characteristic'; (2) 'defined with particularity'; and (3) 'socially distinct within the society in question.'" (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (concluding Petitioner's proposed particular social group to be "too broad to qualify as a cognizable 'particular social group'" (quotation omitted)).

Substantial evidence supports the agency's determination that Urban Miguel failed to establish a nexus between the harm he suffered and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Urban Miguel's asylum claim fails.

Because Urban Miguel failed to establish eligibility for asylum, he did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Urban Miguel failed to establish that it is more likely than not that he will be tortured by or with the consent or acquiescence of the Mexican government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was not particular to petitioner and insufficient to establish CAT eligibility).

**PETITION FOR REVIEW DENIED.**